1

2

3

4

5

6

7

8

9

10          UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
11                    AT TACOMA

12

13   DONALD GAMER,

14          Plaintiff,

                                        Case No. C05-5083RJB
15      v.

                                        ORDER DENYING MOTIONS
16   JOSEPH LEHMAN,                      AND CAUTIONING PLAINTIFF

17          Defendant.

18
            This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to
19
     Title 28 U.S.C. § 636(b)(1)(B).  Plaintiff was denied leave to proceed *in forma pauperis* and paid the
20
     filing fee.  (Dkt. # 7).  The clerk is directed to file the proposed complaint.  (Dkt. # 1 attachment).
21
     Before the court are motions filed by plaintiff to appoint counsel and consolidate this action.  (Dkt. #
22
     2).
23
            The motion to consolidate this action with <u>Scott v. Lehman</u>, C04-5521RJB and other cases
24
     contains no legal or factual basis supporting the request.  The plaintiff in <u>Scott v. Lehman</u> has
25
     previously asked for consolidation of his action with approximately 65 other cases.  Mr. Scott  has
26
     indicated in correspondence to the district court that he is the driving force behind the other cases.
27

28   ORDER

1   Mr. Scott's motion for consolidation was denied on the merits.

2        The other plaintiff's are now filing motions like the one found in this case.  Repetitive filing

3   of the same motion does not alter the courts analysis.  Further, the blanket filing of a motion in

4   multiple cases after Mr. Scott's similar motion was denied is nothing short of harassment.  The

5   motion is filed in violation of Rule 11 as it is not supported either legally or factually and was

6   therefore not filed for a proper purpose.  **Plaintiff is cautioned.  Motions which are designed to**

7   **harass and needlessly increase the cost of litigation may result in sanctions.  There is a very**

8   **real possibility the court will enter sanctions against the plaintiff if motions of this nature**

9   **continue.**  The sanctions may include monetary costs or fines and dismissal of this action  The

10  motion is **DENIED AS FRIVOLOUS**.

11       Plaintiff's also aks for appointment of counsel.  (Dkt. # 2).  There is no right to have counsel

12  appointed in cases brought under 42 U.S.C. § 1983.  Although the court, under 28 U.S.C. §

13  1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so

14  only in exceptional circumstances.  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986);

15  Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir.

16  1980).  A finding of exceptional circumstances requires an evaluation of both the likelihood of

17  success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the

18  complexity of the legal issues involved.  Wilborn, 789 F.2d at 1331.

19       The current complaint does not involve exceptional circumstances which warrant

20  appointment of counsel.  Accordingly, Plaintiff's Motion to Appoint Counsel (Dkt. # 2) is **DENIED**.

21       The Clerk is directed to send a copy of this Order to plaintiff, remove docket number 2 from

22  the court's calendar.

23

24       DATED this 28th day of April, 2005.

25

26                     Karen L. Strombom
                   United States Magistrate Judge

27

28  ORDER