UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD GAMER,<br><br>                Plaintiff,<br><br>   v.<br><br>JOSEPH LEHMAN, et al.,<br><br>                Defendants. | Case No. C05-5083RJB<br><br>ORDER AFFIRMING JUDGE STROMBOM'S ORDER DENYING CONSOLIDATION AND REFERRING MOTION FOR RECUSAL TO JUDGE STROMBOM |

     This matter comes before the Court on Plaintiff's Appeal to Judge of Dkt. #9 and Motion for Recusal.  Dkt. 10.  The Court has considered the relevant documents and the remainder of the file herein.

## I.   FACTS AND PROCEDURAL BACKGROUND

     Plaintiff began this civil rights action on January 31, 2005.  Dkt 1.  On April 28, 2005, U.S. Magistrate Judge Karen L. Strombom denied Plaintiff's motion to consolidate this action with *Scott v. Lehman*, C04-5521RJB finding there was no legal or factual basis supporting the motion.  Dkt. 9.  Judge Strombom further warned Plaintiff to refrain from motions which are designed to harass and needlessly increase the costs of litigation upon penalty of sanctions.  *Id.*  Plaintiff appeals the order denying the motion for consolidation, moves for Judge Strombom's recusal and urges this Court to consolidate his case with others.  Dkt. 10.

## II. DISCUSSION

### A. APPEAL OF ORDER DENYING CONSOLIDATION AND MOTION FOR CONSOLIDATION

Under Fed.R.Civ.P. 72(a), upon objection by a party to a pretrial order of a magistrate judge, the district judge shall consider the objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Plaintiff has failed to establish that Judge Strombom's order denying his motion for consolidation was clearly erroneous or contrary to law. Plaintiff has failed to show any legal or factual basis supporting his motion to consolidate this matter with other matters. Judge Strombom's order denying Plaintiff's motion for consolidation (Dkt. 10) should be affirmed.

Moreover, Plaintiff's motion to this Court for consolidation is frivolous. Pursuant to Rule 72(a) "[a] magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter." Plaintiff's motion to consolidate is properly handled by the magistrate judge. This motion has needlessly increased the cost of the litigation. Plaintiff should be aware that motions such as this, which appear to be filed with the intent to harass or needlessly increase the cost of litigation, could result in sanctions pursuant to Fed.R.Civ.P. 11. Plaintiff's motion for consolidation should be denied.

### B. MOTION FOR RECUSAL

Local General Rule 8(c) provides:

Whenever a motion to recuse due to alleged bias or prejudice directed at a judge of this court is filed pursuant to 28 U.S.C. § 144, the clerk shall refer it to the chief judge. . . . Before a ruling is made on a motion to recuse any judge, the challenged judge will be afforded an opportunity to review the motion papers and decide whether to recuse voluntarily.

Plaintiff's Motion for Recusal is directed at Judge Strombom. Dkt. 10, at 2. Even though the Motion does not comply with 28 U.S.C. § 144, Judge Strombom should have the opportunity to review the motion papers and decide whether to recuse voluntarily.

Therefore, it is hereby

**ORDERED** that Plaintiff's Appeal to Judge of Order Dkt. #9 (Dkt. 10) is **OVERRULED**, and the April 28, 2005, order denying Plaintiff's motion for consolidation (Dkt. 9) is **AFFIRMED**. The Plaintiff's Motion for Recusal (Dkt. 10) is **REFERRED** to Judge Strombom.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 1st day of June, 2005.

*Robert J. Bryan*
Robert J. Bryan
U.S. District Judge