UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD GAMER,

    Plaintiff,

  v.

JOSEPH LEHMAN,

    Defendant.

Case No. C05-5083RJB

ORDER DECLINING VOLUNTARY RECUSAL, REFERRING RECUSAL MOTION TO THE CHIEF JUDGE

This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff was denied leave to proceed *in forma pauperis* and paid the filing fee. (Dkt. # 7).

On May 17th, 2005 plaintiff filed a combined motion appealing an order and requesting recusal. (Dkt. # 10). His appeal has been denied and the motion for recusal referred back to this court. (Dkt. # 11).

28 U.S.C. § 455(a)-(b)(1) and 28 U.S.C. § 144, are the provisions upon which the plaintiff relies in seeking recusal. They provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Under 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might

ORDER

reasonably be questioned. Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir.1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir.1980). In Liteky v. United States, 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474, (1994), the Supreme Court further explained the narrow bases for recusal:

> Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.... [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. Id. at 555, 114 S.Ct. 1147.

This court makes rulings in each case based upon the issues presented by the parties or upon *sua sponte* review by the court. The court has no bias or prejudice in this case that would support a recusal or disqualification. Here, the court entered an order and that order is consistent with the court's prior rulings. Cases of this nature should not be consolidated. In violation of rule 11, plaintiffs are now filing repetitive motions to consolidate. When the motions are denied the plaintiffs appeal and move to recuse. The repetitive filing of the motions cannot be for a proper purpose. Plaintiff has been cautioned and is again cautioned that improper motions can result in sanctions.

Pursuant to Local Rule General Rule 8 the motion for recusal is referred to the chief judge.

Accordingly it is hereby **ORDERED** that the undersigned judge **DECLINES** to recuse voluntarily. The Demand for Recusal of the honorable Karen L. Strombom pursuant to 28 U.S.C. § 144 is **REFERRED** to Chief Judge Robert S. Lasnik for a decision.

The Clerk is directed to send a copy of this Order to plaintiff, remove docket number 10 from the court's calendar, and note the recusal motion on Judge Lasnik's calendar.

DATED this 16th day of June, 2005.

Karen L. Strombom
United States Magistrate Judge

ORDER