UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD GAMER, | No. C05-5083RJB/KLS |
| Plaintiff, | |
| v. | ORDER |
| JOSEPH LEHMAN, | |
| Defendant. | |

This matter comes before the Court under Local General Rule 8(c). Plaintiff has filed a pro se "Appeal to Judge of Order Dkt # 9 Request for self recusal" in the above-captioned matter. Dkt. # 10. The Honorable Karen L. Strombom, United States Magistrate Judge, declined to recuse herself voluntarily and the matter was referred to the Chief Judge for review. Dkt. # 13. Plaintiff's motion is therefore ripe for review by this Court.

Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that

ORDER

1  bias or prejudice exists.

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. <u>Yagman v. Republic Insurance</u>, 987 F.2d 622, 626 (9th Cir. 1993). A litigant cannot, however, use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. <u>United States v. Studley</u>, 783 F.2d 934, 939 (9th Cir. 1986).[1]

Plaintiff argues that Judge Strombom's denial of plaintiff's motion to consolidate this matter with <u>Scott v. Lehman</u>, C04-5521RJB, was improper, inconsistent with other decisions in this district, and reflects bias against him or, possibly, against all Special Commitment Center residents. Dkt. # 10 at 2. Having reviewed the record in the above-captioned matter, the Court finds that Judge Strombom's denial of plaintiff's motion to consolidate was neither improper nor inconsistent with earlier orders. Plaintiff provided no legal or factual basis for his request to consolidate (<u>see</u> Dkt. #2) and, contrary to plaintiff's argument, consolidation was also denied in <u>Peckman v. Lehman</u>, C04-5720FDB at Dkt. # 5.[2] Nor does the fact that Judge Strombom has, from time to time, ruled against plaintiff and other pro se litigants from the Special Commitment Center suggest partiality or bias. As is the case here, Judge Strombom's decisions are based on the merits of the underlying requests for relief. Plaintiff made no attempt to support his request for consolidation and it was properly denied. That denial

---

[1] Objections to a judge's decisions are properly raised through an appeal, not a motion to recuse. In this case, plaintiff appealed Judge Strombom's decision to the presiding district court judge who affirmed Judge Strombom's order denying consolidation. Dkt. # 11.

[2] The Court has been unable to locate the case record noted in footnote 1 of plaintiff's motion for recusal.

ORDER  -2-

1 | does not reflect bias or impartiality.

4 |      Having reviewed plaintiff's motion and the remainder of the record, the Court finds that Judge Strombom's impartiality cannot reasonably be questioned.  There being no evidence of bias or prejudice, plaintiff's request to remove Judge Strombom from this matter is DENIED.

     DATED this 28th day of June, 2005.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
Chief Judge, United States District Court

ORDER      -3-