UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD GAMER,<br><br>                    Plaintiff,<br><br>          v.<br><br>JOSEPH LEHMAN,<br><br>                    Defendant. | Case No.  C05-5083RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR**<br>**September 23rd, 2005** |

  This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is defendant's motion to dismiss.  (Dkt. # 16).  Plaintiff has not responded.

FACTS

  Plaintiff was an inmate serving a sentence with the state Department of Corrections.  When plaintiff was released from the Department of Corrections he was detained for civil commitment as a sexually violent predator by the Department of Social Health Services.  According to the complaint, plaintiff had an earned early release date in August of 1997.  He was not released from the custody of the Department of Corrections until November 1998.  (Dkt. # 16).  This action was not filed until January 31, 2005.

  Defendant Lehman moves to dismiss the action based on a running of the statute of limitations.  (Dkt. # 16).  Plaintiff has not responded.  Local Rule 7 (b)(2) states "[i]f a party fails to file papers in opposition to a

1  motion, such failure may be considered by the court as an admission that the motion has merit." Local Rule 7
2  (b)(2).

3                                                      DISCUSSION

4      A court may dismiss a claim under Fed.R.Civ.P. 12(b)(6) if it appears beyond doubt that the
5  plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. <u>Keniston v.</u>
6  <u>Roberts</u>, 717 F.2d 1295, 1300 (9th Cir. 1983), <u>citing</u>: <u>Conley v. Gibson</u>, 355 U.S. 41, 45-56 (1957).
7  Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the
8  absence of sufficient facts alleged under a cognizable legal theory. <u>Balistreri v. Pacifica Police Department</u>,
9  901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is
10  construed in the plaintiff's favor. <u>Keniston v. Roberts</u>, 717 F.2d 1295 (9th Cir. 1983).

11      <u>Statute of limitations</u>.

12      The Civil Rights Act, 42 U.S.C. § 1983, contains no statue of limitations and the federal courts use the
13  applicable statute of limitations from the state in which they sit. In Washington the statute of limitations for
14  filing a civil rights action is three years. <u>Rose v. Rinaldi</u>, 654 F.2d 546 (9th Cir. 1981).

15      Plaintiff had an earned early release date in August of 1997 but he was not released on that date and
16  was held until November of 1998. (Dkt. # 16). While plaintiff was being held he could not have filed a civil
17  rights action as he would have been challenging the fact or duration of his confinement and his remedy would
18  have been in habeas. <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). Once he was released from the custody of the
19  Department of Corrections he no longer had standing to file a habeas action challenging that sentence as he was
20  not in custody on that conviction. Under 28 U.S.C. § 2254, the district court may entertain an application
21  for a writ of habeas corpus only from a person in custody pursuant to the judgment of a state court. The
22  custody requirement of the habeas corpus statute is designed to preserve the writ as a remedy for severe
23  restraints on individual liberty. <u>Hensley v. Municipal Court, San Jose Milpitas Judicial District</u>, 411 U.S.
24  345, 351 (1973). The person must be in custody pursuant to the conviction or sentence under attack at the
25  time the petition is filed. <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989); <u>Carafas v. LaVallee</u>, 391 U.S.
26  234, 238 (1968).

27      For purposes of this motion the court is assuming that the statute of limitations for the plaintiff's Civil
28  Rights claim commenced on September 1st, 1997. The three year statute of limitations gave plaintiff until

REPORT AND RECOMMENDATION
Page - 2

1 September 1st, 2000 to file his action. This action was filed four years three months after the running of the
2 statute of limitations. Defendant Lehman is entitled to dismissal.

### CONCLUSION

This action is time barred. The defendant's motion to dismiss should be **GRANTED.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 23rd, 2005**, as noted in the caption.

DATED this 30th day of August, 2005.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3